**VELASQUEZ v. SOUTH ATLANTIC S. S. LINE, Inc.**

United States District Court
S. D. New York.

Jan. 9, 1951.

Benjamin B. Sterling, New York City, for plaintiff.

Tompkins, Boal & Tompkins, New York City, for defendant.

WEINFELD, District Judge.

Plaintiff, a seaman, has instituted an action for damages for personal injuries pursuant to the Jones Act, Title 46, U.S. C.A. § 688, and for maintenance and cure.

On December 28th, 1950, plaintiff served a notice for the taking of a deposition at San Francisco, California, on January 10th, 1951. Defendant now moves that this notice be vacated, or in the alternative, that plaintiff be directed to pay a counsel fee for the attendance of defendant's attorney at the place where the deposition is to be taken. The defendant contends that it will be necessary to retain an attorney in San Francisco, and, therefore, requests that plaintiff be required to pay a reasonable counsel fee.

No reason has been shown why the notice should be vacated and accordingly that aspect of the present motion is denied.

There remains the question of the payment of counsel fees. Although Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., does not expressly provide for the granting of counsel fees on the taking of a deposition, it is well recognized that the Court, in the exercise of its discretion, may direct that such payment be made under the authority of this rule.

The financial circumstances of the parties may be considered by the Court in determining this question.

The complaint alleges that plaintiff was injured as a result of defendant's negligence on July 30th, 1950, while acting within the scope of his employment on the defendant's vessel. Plaintiff has also asserted a claim for maintenance and cure. Defendant has denied the allegation with respect to the latter claim, but has not contended that plaintiff was guilty of willful misconduct, insubordination, or any other conduct which would defeat a cause of action for maintenance and cure.

According to the affidavit submitted in opposition on the present motion, plaintiff remained in a marine hospital for a period of three weeks, and after his discharge received out-patient treatment until the second or third week of November 1950. During this time, plaintiff's attorney made several requests for the payment of maintenance and cure, but despite the fact that defendant has raised no contention that plaintiff is not entitled to such relief, it has refused to make any payments.

In view of the financial circumstances of the plaintiff and the failure of the defendant to make any payments for maintenance and cure, the application for the payment of a counsel fee is denied.

The motion is, therefore, denied in all respects.